## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT

NEHME JAAFAR and TINA JAAFAR,

                                Plaintiff,

- against –                                              No.

ALAN MILLER, M.D., VASSAR BROTHERS          COMPLAINT
MEDICAL CENTER, EMERGENCY PHYSICIAN
SERVICES OF NEW YORK, P.C., and THE          JURY TRIAL DEMANDED
UNITED STATES OF AMERICA

                                Defendants.

Plaintiffs, by their attorneys, ZAREMBA BROWN PLLC, as and for their Complaint, complaining of the defendants, upon information and belief respectfully alleges as follows:

### INTRODUCTION

1.      This is a civil tort action for money damages brought by plaintiffs NEHME JAAFAR (hereinafter "Nehme") and TINA JAAFAR (hereinafter "Tina"), seeking redress for personal injuries caused by the negligent acts and medical malpractice of the above named defendants, their agents, servants and/or employees in failing to properly and adequately diagnose infection, including osteomyelitis, cellulitis and sepsis, which lead to plaintiff Nehme's hospitalization at Vassar Brother's Medical Center and below the knee amputation on August 31, 2015.

2.      Plaintiff seeks to recover damages that exceed the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction exclusive of interest and costs to be determined upon the trial of this action.

3.      On or about February 15, 2017, a complaint was served on defendants Alan Miller, M.D., Vassar Brothers Medical Center, Emergency Physician Services of New York,

P.C., John Bleski, M.D., and New Paltz Family Health Center and filed in New York Supreme Court, Dutchess County.

4.      On or about March 1, 2017, plaintiffs were notified by counsel that John Bleski, M.D., and New Paltz Family Health Center were deemed employees of THE UNITED STATES OF AMERICA under the Federal Tort Claims Act, 28 USC §§1346(b), 2672.

5.      On or about April 28, 2017, plaintiffs filed the appropriate SF-95 form which was received by the Department of Health and Human Services on May 17, 2017.

6.      To date, the agency has failed to reply to plaintiffs' claims.

7.      Similarly, the U.S. Attorney's office has failed to file a notice to remove the case to this Court, substituting defendants John Bleski, M.D., and New Paltz Family Health Center with the United States as a party.

JURISDICTION and VENUE

8.      The jurisdiction of this Court attaches under the provisions of 28 U.S.C. §§1346 and 1402(b).

9.      This action is brought pursuant to the Federal Tort Claims Act 28 U.S.C. §1346(b) and 28 U.S.C. §2671 and 39 U.S.C.§ 409.

10.      Venue is proper in the District Court of the Southern District of New York under 28 U.S.C.A. §§1391(b)(1) and (2).

PARTIES

11.      At all times mentioned herein, plaintiff Nehme Jaafar was and still is a resident of the State of New York, county of Dutchess.

12.      At all times mentioned herein, plaintiff Tina Jaafar was and still is a resident of the State of New York, county of Dutchess.

13.     Upon information and belief, at all times hereinafter mentioned, defendant VASSAR BROTHERS MEDICAL CENTER (hereinafter "VASSAR") was and is still a for profit corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 45 Reade Place, Poughkeepsie, New York 12601.

14.     Upon information and belief, at all times hereinafter mentioned, defendant EMERGENCY PHYSICIAN SERVICES OF NEW YORK, P.C. (hereinafter "EPS") was and is still a for profit corporation duly organized and existing under and by virtue of the laws of the State of Tennessee with its principal place of business at 307 South Evergreen Ave, Woodbury, New Jersey, 08096.

15.     Upon information and belief, at all times hereinafter mentioned, THE UNITED STATES OF AMERICA owned, operated, managed, controlled and/or maintained a medical facility, NEW PALTZ FAMILY HEALTH CENTER (hereinafter "NPFHC"), duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 279 Main Street, Suite 102, New Paltz, New York 12561.

16.     Upon information and belief, at all times relevant herein, defendant, ALAN MILLER, M.D., (hereinafter "MILLER") was a doctor licensed to practice medicine in the State of New York, with his principal place of business at 45 Reade Place, Poughkeepsie, New York 12601.

17.     Upon information and belief, at all times relevant herein, THE UNITED STATES OF AMERICA employed JOHN BLESKI, M.D. (hereinafter "BLESKI") who was and still is a doctor licensed to practice medicine in the State of New York, with his principal place of business at 279 Main Street, Suite 102, New Paltz, New York 12561.

18.     Upon information and belief, at all relevant times herein, defendant MILLER, is/was an agent, servant, and/or employee of VASSAR.

19.     Upon information and belief, at all relevant times herein, defendant MILLER, is/was an agent, servant, and/or employee of EPS.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NEHME JAAFAR

20.     Upon information and belief, at all times hereinafter mentioned, VASSAR held itself out to the public as a surgical/medical-treatment facility qualified and equipped to provide medical care to members of the public in a competent and safe manner in accordance with generally accepted medical, nursing and surgical standards.

21.     Upon information and belief, at all times hereinafter mentioned, EPS held itself out to the public as a surgical/medical-treatment facility qualified and equipped to provide medical care to members of the public in a competent and safe manner in accordance with generally accepted medical, nursing and surgical standards.

22.     Upon information and belief, at all times hereinafter mentioned, THE UNITED STATE OF AMERICA, under its NPFHC facility, held itself out to the public as a surgical/medical-treatment facility qualified and equipped to provide medical care to members of the public in a competent and safe manner in accordance with generally accepted medical, nursing and surgical standards.

23.     Upon information and belief, at all times relevant herein, defendant MILLER held himself out to the public as a physician and medical provider qualified and equipped to provide medical care to members of the public in a competent and safe manner in accordance with generally accepted medical and surgical standards.

24.    Upon information and belief, at all times relevant herein, BLESKI was an employee of THE UNITED STATES OF AMERICA who held himself out to the public as a physician and medical provider qualified and equipped to provide medical care to members of the public in a competent and safe manner in accordance with generally accepted medical and surgical standards.

25.    Upon information and belief, at all times hereinafter mentioned, the defendant, VASSAR, provided personnel, including physicians and surgeons, nursing staff, technicians, assistants, attendings, and others for the work up, care and treatment of patients to whom the facility was made available, including to the plaintiff, Nehme Jaafar.

26.    Upon information and belief, at all times hereinafter mentioned, THE UNITED STATE OF AMERICA, under its NPFHC facility, provided personnel, including physicians and surgeons, nursing staff, technicians, assistants, attendings, and others for the work up, care and treatment of patients to whom the facility was made available, including to the plaintiff, Nehme Jaafar.

27.    Upon information and belief, at all times hereinafter mentioned, the defendant, EPS, provided personnel, including physicians and surgeons, nursing staff, technicians, assistants, attendings, and others for the work up, care and treatment of patients to whom the facility was made available, including to the plaintiff, Nehme Jaafar.

28.    Upon information and belief, plaintiff Nehme Jaafar was a patient of defendant VASSAR on or about June 4, 2015 and from August 24, 2015 through October 13, 2015.

29.    Upon information and belief, plaintiff Nehme Jaafar was a patient of THE UNITED STATE OF AMERICA at its NPFHC facility on or about June 4, 2015 and August 12, 2015 through October 13, 2015.

30.     Upon information and belief, plaintiff Nehme Jaafar was a patient of defendant EPS on or about June 4, 2015 and from August 24, 2015 through October 13, 2015.

31.     Upon information and belief, plaintiff was a patient of defendant MILLER on or about June 4, 2015 and August 24, 2015 through October 13, 2015.

32.     Upon information and belief, plaintiff was a patient of THE UNITED STATE OF AMERICA's employee, BLESKI, on or about June 4, 2015 and August 12, 2015 through October 13, 2015.

33.     Upon information and belief, at all times relevant herein, defendant MILLER, was a physician responsible for the medical treatment, care and management of treatment rendered to the plaintiff.

34.     Upon information and belief, at all times relevant herein, BLESKI, was a physician responsible for the medical treatment, care and management of treatment rendered to the plaintiff.

35.     At all times relevant herein defendants, VASSAR, EPS, MILLER and THE UNITED STATE OF AMERICA attended, treated, and/or cared for the plaintiff.

36.     Defendants, VASSAR, EPS, MILLER and THE UNITED STATE OF AMERICA had a duty and responsibility to provide medical care to the plaintiff in accordance with good and accepted medical practices.

37.     During the course of treatment and care of plaintiff, all of the defendants, their agents, employees and/or staff failed to properly and/or promptly recognize, identify, test, treat, and/or properly diagnose plaintiff's condition. During the defendants' treatment and care of plaintiff, the defendants, their employees, officers and/or agents caused severe and irreparable harm to the plaintiff.

38.     Defendants, their agents, servants and/or employees, were negligent, reckless and/or careless in the services, treatment and/or care rendered to and on behalf of the injured plaintiff including but not limited to failing, omitting and/or neglecting to use and employ reasonable care and medical practices in the work-up, care, service, treatment and follow-up care rendered to plaintiff, including but not limited to failing to properly and/or promptly address and/or monitor his swollen, discolored, infected leg during and after his treatment from June 4, 2015 through October 13, 2015, in failing to properly diagnose, medicate and treat the Plaintiff in accordance with the accepted standards of good and reasonable medical practices., in failing to properly review medical records of the plaintiff and in failing to provide properly and adequately diagnose and treat the Plaintiff.

39.     Defendants, their agents, servants and/or employees, departed from good and accepted medical and/or emergency medicine practices and procedures in his treatment of the plaintiff by failing to use the skill, care, learning judgment and diligence commonly and ordinarily possessed by those in the medical community; in failing to treat plaintiff in accordance with customary and accepted medical standards; in causing, allowing and permitting injury to plaintiff by reason of the manner in which such care was rendered; in allowing, recommending and/or performing medical procedures in a careless, reckless and/or negligent manner; in failing, neglecting and omitting to take, use, and employ reasonable and proper steps and practices in the treatment rendered to plaintiff to ensure the health, welfare and safety of the plaintiff; in failing to follow good and accepted medical practices; in failing to properly monitor, diagnose and treat plaintiff; in failing to properly supply, train and employ properly qualified and experienced personnel; and in being otherwise negligent, careless and reckless in the treatment of the plaintiff.

40.     As a direct result of the negligent and/or careless conduct of the defendants, the plaintiff suffered conscious pain and suffering, loss of a limb, and special damages, including but not limited to, loss of income and medical expenses.

41.     The plaintiff's injuries were in no way contributed to by any act or omission on his part.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NEHME JAAFAR

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained within the Complaint with the same force and effect as though each were more fully set forth at length herein.

43.     At all times relevant herein Defendant MILLER was an employee of Defendant VASSAR in the course of his professional duties and responsibilities and providing medical care and services to the plaintiff.

44.     At all times relevant herein Defendant MILLER acted within the scope of his employment for VASSAR in the course of his care and treatment of the plaintiff.

45.     At all times relevant herein the staff, nurses, physician's assistants, physicians, contractors and agents, that rendered care and services to the plaintiff during the course of treatment at VASSAR were acting within the scope of their employment and/or agency with the defendant VASSAR.

46.     That all times relevant herein Defendant VASSAR was vicariously liable for the negligent and careless acts and omissions of its agents and employees who rendered medical care and services to the plaintiff, within the scope of their employment for Defendant VASSAR.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NEHME JAAFAR

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained within the Complaint with the same force and effect as though each were more fully set forth at length herein.

48.     At all times relevant herein BLESKI was an employee of THE UNITED STATE OF AMERICA acting in the course of his professional duties and responsibilities and providing medical care and services to the plaintiff.

49.     At all times relevant herein BLESKI acted within the scope of his employment for THE UNITED STATE OF AMERICA in the course of his care and treatment of the plaintiff.

50.     At all times relevant herein the staff, nurses, physician's assistants, physicians, contractors and agents, that rendered care and services to the plaintiff during the course of treatment at NPFHC were acting within the scope of their employment and/or agency with THE UNITED STATE OF AMERICA.

51.     That all times relevant herein THE UNITED STATE OF AMERICA was vicariously liable for the negligent and careless acts and omissions of its agents and employees who rendered medical care and services to the plaintiff, within the scope of their employment for NPFHC.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NEHME JAAFAR

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in within the Complaint with the same force and effect as though each were more fully set forth at length herein.

53.     At all times relevant herein Defendant MILLER was an employee of Defendant EPS in the course of his professional duties and responsibilities and providing medical care and services to the plaintiff.

54.     At all times relevant herein Defendant MILLER acted within the scope of his employment for EPS in the course of his care and treatment of the plaintiff.

55.     At all times relevant herein the staff, nurses, physician's assistants, physicians, contractors and agents, that rendered care and services to the plaintiff during the course of treatment at VASSAR were acting within the scope of their employment and/or agency with the defendant EPS.

56.     That all times relevant herein Defendant EPS was vicariously liable for the negligent and careless acts and omissions of its agents and employees who rendered medical care and services to the plaintiff, within the scope of their employment for Defendant EPS.

57.     By reason of the foregoing, the plaintiff was severely injured and has sustained permanent and severe damages in a monetary sum far exceeding the jurisdictional limitations of all lower Courts of the State of New York, which would otherwise have jurisdiction over this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TINA JAAFAR

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained within the Complaint with the same force and effect as though each were more fully set forth at length herein.

59.     At all times relevant herein plaintiff, TINA JAAFAR was and is married to and cohabitating with plaintiff, NEHME JAAFAR.

60.     Because of the defendant's malpractice and resultant damage and injuries to NEHME JAAFAR, TINA JAAFAR has been deprived of his services, comfort, and financial support and her happiness and companionship has been impaired.

61.     Plaintiff NEHME JAAFAR's injuries were caused by the negligence and/or medical malpractice of the defendant, his agents, servants, and/or employees, and were in no way contributed to by any act or omission on the part of the plaintiff.

62.     As a result of the aforesaid negligence and medical malpractice, plaintiffs are damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts of the State of New York which would otherwise have jurisdiction over this action.

63.     To the extent permitted by law, the plaintiffs demand a jury.

**WHEREFORE,** plaintiffs demand judgment against Defendants as follows:

1.     For all monetary damages allowed under law and described, without limitation, above, plus interest;

2.     Costs and disbursements of this Action;

3.     Such other further relief as this Court may deem just and proper.

Dated: New York, New York
       November 27, 2017

                              ZAREMBA BROWN PLLC

                    By:  _____

                         Helina Manesis, Esq.
                         *Attorney for Plaintiffs*
                         40 Wall Street, 52nd Floor
                         New York, New York 10005
                         (212) 380-6700

TO:    NAPIERSKI VANDENBURGH NAPIERSKI & O'CONNOR LLP
*Attorneys for Defendant*
**Emergency Physician Services of New York, P.C.**
296 Washington Avenue Ext., Ste. 3
Albany, New York 12203
(518) 862-9292

PHELAN PHELAN & DANEK, LLP
*Attorneys for Defendant*
**Alan Miller, M.D.**
300 Great Oaks Blvd., Suite 315
Albany, New York 12203
(518) 862-1386

HEIDELL PITTONI MURPHY & BACH, LLP
*Attorneys for Defendant*
**Vassar Brothers Hospital**
99 Park Avenue
New York, New York 10016
(212) 286-8585

UNITED STATES ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF NY
*Attorneys for Defendant*
**The United States of America**
1 Saint Andrews Plaza
New York, NY 10007
(212) 637-2200